David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947     acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                       PLAINTIFF

VS.                                           Case 3:24-cv-00398-LJC

THIAGO CHAGAS GARCIA BAZ                                                                DEFENDANTS

### MOTION FOR LEAVE TO CONDUCT SERVICE OF PROCESS BY EMAIL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Leave to Conduct Service of Process by Email in the above-styled action.

### Currently Pending Submitted Matters

1. This Court still needs to grant me leave to proceed in forma pauperis (Dkt. 2), which in itself requires that the Court must review the Complaint for failure to state a claim under 28 USC § 1915(e). In addition, the Court has scheduled a case management conference via zoom for July 18, 2024.

### The Court has discretion to allow this.

2. Rio Properties, Inc. v. Rio Intern. Interlink, 284 F. 3d 1007 (9th Cir. 2002) provides the leading case law in the 9th Circuit on this issue. That case holds in pertinent part ...

> "Courts ... cannot be blind to changes and advances in technology. No longer do we live in a world where communications are conducted solely by mail carried by fast sailing clipper ... ships. Electronic communication via satellite can and does provide instantaneous transmission of notice and information. No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut." See id at 1017.

3. Also ... "While service by email or social media may be novel and unorthodox , it is also a practical and realistic method for notifying defendants of pending litigation. Email and social media accounts are free, widely used, and accessible anywhere at any time." See https://abtl.org/report/la/articles/David_Faud_abtl_Reprint.pdf.

**Exhaustion of conventional service methods not required.**

4.      Rio Properties, supra, is once again instructive on this matter.

5.      When the Defendant is an American citizen or corporation, service of process is governed by Fed.R.Civ.P. 4(e) and 4(i), respectively. In these instances, courts typically prefer for the Plaintiff to make reasonable, diligent efforts to serve the Defendant by traditional methods before resorting to unconventional methods like email and/or newspaper publication. However, when the Defendant is a citizen of a foreign country, service of process is governed by Rule 4(f), which empowers Courts to direct service of process "by other means not prohibited by international agreement, as the court orders." See FRCP 4(f)(3).

6.      This means that the Court does not have to wait for me to attempt conventional methods in vain before it authorizes email service. See Rio Properties, supra at 1015 ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant") (citations and quotations omitted). "To be sure, the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond... this broad constitutional principle unshackles the federal courts from anachronistic methods of service." See Rio Properties, supra at 1070 (citing Mullane v. Central Hanover Bank & Trust Co., 339 US 306, 314 (1950)).

7.      Service of process under the Hague Convention is likely to be extremely expensive[1] and extremely slow[2]. Authorizing service by email would be a great way for us to get this case moving quickly and inexpensively.

**The Defendant already has subjective, actual knowledge of the pending lawsuit.**

8.      In cases where there was evidence that the defendant was already aware of his own accord that the action against him was pending, that has typically been a factor weighing in favor

---

[1] See https://processnet1.com/brazil/ (citing an $895 price tag, just for the service alone, not counting translations).
[2] See https://www.haguelawblog.com/2019/06/things-take-longer-overseas-get-used-to-it/ ("Things take longer overseas. Get used to it").

of granting the Plaintiff leave to conduct service of process by email. See Miller v. Ceres Unified Sch. Dist., Case No. 1:15-cv-0029-BAM, 5 (E.D. Cal. Sep. 7, 2016) ("Indeed, there is little doubt that Defendant Kimberly Phipps is fully aware of this lawsuit"). See also U.S. ex rel. UXB Int'l, Inc. v. 77 Insaat & Taahhut A.S., No. 7:14-CV-00339, 2015 WL 4208753, at *3 (W.D. Va. July 8, 2015) (holding that email service on owner of Iraqi and Afghan corporate defendants was proper where owner and defendants were "more than likely" already aware of litigation).

9. Almost immediately after this lawsuit appeared on Pacer (January 17, 2024), Baz, posting under his alias "Templar Dragonknight," made a post in a Discord server owned by another YouTuber named Creetosis. This post makes it clear that he already knows about the lawsuit I have filed against him, and has even shown it to his father. In a post immediately after that, he explains that his father is a lawyer.

10. These two posts can technically be viewed at the following URLs:
- https://discord.com/channels/719340866182971392/914407707174391909/1197606287677079672
- https://discord.com/channels/719340866182971392/914407707174391909/1197608849625063506

11. However, the thread where these posts are visible requires a user to actively participate in the rest of the server for some time before he is allowed to view this thread, so the Court cannot simply click on those links and immediately see the posts. Therefore, I am attaching screenshots of these posts as **Exhibit A** to this motion.

12. These posts were made in a thread called the "Acerthorn Pinata Bashing" thread, so the Defendant was certainly talking about me when he said "the wereturkey."

13. Therefore, the Defendant already has actual knowledge that this lawsuit is pending. At this point, service of process is merely a formality. The Court could probably forego service entirely, and simply post an order, appearing only on Pacer, ordering him to appear, and treat that as service effected, and while it may not comport with the Federal Rules of Civil Procedure, Baz's *constitutional* right to notice would still be satisfied. Service, even by email, is merely a box that needs to be checked simply because "that's the law," while serving no actual pragmatic

function.

**The Defendant actively uses the email address of thiagovrex@gmail.com; therefore, process sent to that email address is reasonably calculated to reach him.**

14. "But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." See Mullane, supra at 315.

15. Here, the Defendant has access to the email address of thiagovrex@gmail.com, and has even sent me written correspondence, directly related to this case, using that email address. See **Exhibit B**. As such, if I send the summons, complaint, and the Court's order granting this motion to that email address, there is a 99.9999% chance that he will receive it. See Lipenga v. Kambalame, No. GJH-14-3980, 2015 WL 9484473, at *4 (D. Md. Dec. 28, 2015)1 (holding that service on defendant located in Malawi via email and Facebook was appropriate where defendant was recently actively using both accounts).

## Leave Sought

16. For all of these reasons and more, I seek leave from the Court to serve the Defendant with process via email. If granted, I will take the filemarked copy of the First Amended Complaint, the Summons (once the Clerk's Office finally issues it), and a copy of the order granting said leave, and attach them to an email addressed to thiagovrex@gmail.com. I will then promptly file proof of service with the Court, and use Federal Rules of Civil Procedure to calculate the date when his appearance is due.

## Conclusion

17. Wherefore, premises considered, I respectfully pray that leave to conduct service of process by email be granted. So requested on this, the 10th day of April, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)