UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>  Plaintiff,<br><br>  v.<br><br>THIAGO CHAGAS GARCIA BAZ,<br><br>  Defendant. | Case No.  24-cv-00398-LJC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER TO SHOW CAUSE WHY AMENDED COMPLAINT SHOULD NOT BE STRICKEN OR DISMISSED IN PART**<br><br>Re: Dkt. Nos. 2, 8, 11, 12 |

Plaintiff David Stebbins moves to proceed in forma pauperis. ECF No. 2. Sufficient cause having been shown, Stebbin's application is GRANTED. Stebbins's Motion for a hearing on that application is DENIED as moot. *See* ECF No. 12.

Stebbins is a prolific producer of videos on YouTube. He is also a prolific litigant. This is one of many cases that Stebbins has filed regarding other YouTube users copying his videos, and regarding Stebbins's efforts under the Digital Millenium Copyright Act (DMCA) to have Google remove those videos from YouTube. Most of the videos at issue in this case, which had been posted by Defendant Thiago Garcia Baz, have been removed either by Google (at Stebbins's behest) or by Garcia Baz. *See* ECF No. 8 at 9–10, ¶ 45.

On August 31, 2023, in a different case that Stebbins filed, the Honorable Trina Thompson declared Stebbins a vexatious litigant and ordered that before filing "any claim of copyright infringement or copyright-related claims against any defendant, Mr. Stebbins must first provide a copy of his complaint and this Order to the Clerk of this Court, along with a letter requesting the complaint be filed," which the Clerk "shall then forward . . . to the Duty Judge for a determination whether the complaint should be accepted for filing." *Stebbins v. Google LLC*, No. 23-cv-00322-

TLT, 2023 WL 6139454, at *11 (N.D. Cal. Aug. 31, 2023).[1]  Stebbins initially complied with that Order by submitting his original Complaint for review, and the Honorable Casey Pitts (serving as duty judge) allowed Stebbins's Complaint "to proceed only as to the claims for copyright infringement," but struck Stebbins's "claims for libel and DMCA misrepresentation."  ECF No. 3.

Stebbins has now filed an Amended Complaint (ECF No. 8) reasserting the claims previously stricken by Judge Pitts.  This Court finds those claims to be "copyright-related claims" within the scope of Judge Thompson's Order declaring Stebbins a vexatious litigant.  The purportedly false statement by Garcia Baz on which Stebbins bases both his libel claim and his misrepresentation claim under the DMCA reads as follows: "The one who sent the copystrike seems to have erroneously assumed that it wasn't fair use simply because I used his content on my videos, but that's simply not true."  ECF No. 8 at 20, ¶ 92; *see id.* at 31–32, ¶¶ 139–51.[2]

Because the claims rest on a statement by Garcia Baz characterizing Stebbins's views of fair use, made in response to Stebbins's efforts to have Garcia Baz's videos removed for copyright violations, they are bound up with Stebbins's copyright claim and thus fall within any reasonable definition of "copyright-related claims" as that term is used in Judge Thompson's Order.  Stebbins is therefore ORDERED TO SHOW CAUSE why his libel and DMCA misrepresentation claims should not be stricken for failure to comply with Judge Thompson's Order requiring Stebbins to submit such claims to the general duty judge for pre-filing review.

Even if those claims were not governed by Judge Thompsons's Order, because Stebbins is proceeding in forma pauperis, the Court must review his Amended Complaint and dismiss any claim that "is frivolous or malicious" or "failure to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).

Despite Stebbins's conclusory assertions to the contrary, Garcia Baz's alleged statement as

---

[1] Judge Thompson recently denied Stebbins leave to file a motion for reconsideration of the Order declaring him a vexatious litigant. *Stebbins v. Google LLC*, No. 23-cv-00322-TLT, ECF No. 87 (N.D. Cal. Mar. 27, 2024).
[2] Although Stebbins's claims refer to a "statement referenced in ¶ 87 . . . submitted to YouTube's copyright enforcement department", that citation appears to be erroneous.  ECF No. 8 at 31, ¶ 140; *see also id.* at 32, ¶ 148.  Paragraph 87 describes one of Garcia Baz's videos, not any statement that Garcia Baz made to YouTube.  Based on context, the Court understands these claims as related to the statement alleged in paragraph 92.

to what Stebbins "*seems* to have erroneously assumed," ECF No. 8 at 20, ¶ 92 (emphasis added), appears on its face to be a statement of opinion, which is "constitutionally protected" and generally not actionable as defamation.  *See Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 696 (2012) (citation omitted); *see also Pishgoo v. Langroudi*, No. B275280, 2018 WL 1477673, at *6 (Cal. Ct. App. Mar. 27, 2018) ("We find the language 'it seems,' as used here, is similar to the phrases 'my impression,' 'apparently,' and 'I think,' as used in [prior cases finding non-actionable opinion].") (unpublished and non-precedential).  Stebbins is therefore also ORDERED TO SHOW CAUSE why his libel and DMCA misrepresentation claims should not be dismissed as based on a non-actionable statement of opinion.

Given that these claims appear to have been filed in violation of Judge Thompson's Order, this Court has not yet conducted a comprehensive review of Stebbins's libel and DMCA misrepresentation claims but raises the issue of protected opinion as one facially apparent potential defect that can be addressed efficiently in conjunction with the potential application of Judge Thompson's Order.  The Court finds no basis for dismissal of Stebbins's copyright infringement claims and would allow those claims to proceed if Stebbins withdraws his libel and DMCA misrepresentations claims.

No later than May 22, 2024, Stebbins is ORDERED to file either: (1) a second amended complaint that is limited to the copyright infringement claims that Judge Pitts allowed to proceed; or (2) a response to this Order arguing why his current complaint should be allowed to proceed.  If Stebbins does not file either a second amended complaint or a response, or if his response does not sufficiently address the concerns stated above, this case will be reassigned to a district judge with a recommendation to dismiss or strike Stebbins's libel and DMCA misrepresentation claims.

If Stebbins files a second amended complaint or response that resolves the Court's concerns, the Court will then address service of process on Garcia Baz in Brazil.  Stebbins's Motion to allow service by email is DENIED without prejudice to Stebbins seeking that relief if the Court issues an order allowing Stebbins's claims to proceed.  *See* ECF No. 11.

/ / /

/ / /

As reflected in the docket, a case management conference is set for July 18, 2024 at 1:30 PM via Zoom webinar.  Access information can be found at https://www.cand.uscourts.gov/ljc/.

**IT IS SO ORDERED.**

Dated: May 2, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge