David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947       acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                                    Case 3:24-cv-00398-LJC

THIAGO CHAGAS GARCIA BAZ                                DEFENDANTS

## SECOND MOTION FOR LEAVE TO CONDUCT SERVICE OF PROCESS VIA EMAIL OR IN THE ALTERNATIVE TO CLARIFY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Revised Motion for Leave to Conduct Service of Process via Email.

1. For simplicity's sake, I hereby incorporate all the factual allegations, arguments, and legal citations from my First Motion for Leave to Conduct Service of Process Via Email (shortened to "the email service motion" from here on out) by reference into this new motion.

2. The Court denied my first eponymous motion without prejudice on the grounds that it didn't need to address the issue of service of process because some of the claims were at risk of being stricken. I certainly intend to file a response to that show cause order addressing the Court's concerns. However, for the time being, I see no reason why the email service motion should have been pushed back. In fact, as I read between the lines in the Court's order, it carries some downright alarming implications.

3. The Court is prepared to strike the libel and misrepresentation claims. I understand that. But even if those claims were stricken, that would not result in total dismissal of this case in its entirety, as I would still have 21 counts of copyright infringement that remain to be litigated. The Court has said that it "finds no basis for dismissal of [my] copyright infringement claims and would allow those claims to proceed,"[1] so even if the libel and misrepresentation claims are stricken, I would still get my day in court on those claims.

4. At that point, service of process becomes far from moot. We'd still have to conduct

---
1  Dkt. 13, Page 3, Lines 14-15.

service of process regardless, so why not go ahead and issue a proper ruling on the merits of the email service motion?

5.	However, the rest of that sentence carries a rather disturbing implication. The full sentence was "The Court finds no basis for dismissal of Stebbins's copyright infringement claims and would allow those claims to proceed **_IF_** Stebbins withdraws his libel and DMCA misrepresentations claims" (emphasis added).

6.	In other words, it seems, from my point of view, that the only it makes any sense that the Court would refuse to issue a proper ruling on the email service motion is if the Court is saying that it will throw out my **_entire case_**, including the copyright infringement claims that it admits are valid, if I do not withdraw the other claims, simply as punishment for me having filed those other claims in the first place. That would certainly have the effect of rendering the service issue moot!

7.	Even if the libel and misrepresentation claims are entirely frivolous (which I dispute, for reasons I will hopefully make clear when I get around to filing my proper response to this Court's order to show cause, and above all, is a much higher standard to meet than simply finding that the claims lack merit; see Neitzke v. Williams, 490 US 319, 320 (1989)), the Court would have a wide range of potential sanctions at its disposal to punish me for filing a frivolous lawsuit, but the dismissal of nearly two dozen other claims that _even the Court admits are otherwise perfectly valid_ is not one of them. Such a sanction would be an egregious overstep by the Court, especially since, as I will explain in the upcoming response to the Court's show-cause order, _I did indeed present those claims to the duty judge_!

8.	If that is in fact what the Court is planning on doing, then not only would that be an egregious abuse of discretion that would almost certainly be overturned on appeal, but it may also be grounds for a finding of judicial misconduct pursuant to 28 USC §§ 351-64. And this time, § 352(b)(1)(A)(ii) (which is normally the primary grounds for the vast majority of judicial misconduct complaints being summarily dismissed) would not be a defense in such a case, since such a sanction would clearly be unrelated to the merits, seeing as the Court already conceded that my copyright claims are valid.

9.     For both our sakes, I sincerely hope that I am egregiously misunderstanding what the Court is attempting to communicate to me. That is why I have styled this motion as being "in the alternative to clarify." If the Court still refuses to properly decide the merits of the email service motion, then I humbly ask the Court to clarify the following:

    (a)     What exactly did the Court mean when it said the sentence mentioned in ¶ 5 above? If it didn't mean to give me the ultimatum described in ¶ 6 above, then what did it mean?

    (b)     If, for reasons I explained in ¶¶ 3-4 above, we're still going to have to do service of process regardless, then why can't the Court go ahead and address the email service motion on its merits?

10.     If I have in fact misunderstood the Court's intentions, and the Court is willing to admit that it made a mistake by declining to properly rule on the email service motion, then I humbly ask the the Court to take the motion up again, and this time, issue a proper ruling on it.

    So requested on this, the 3rd day of May, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)
