UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>THIAGO CHAGAS GARCIA BAZ,<br><br>    Defendant. | Case No. 24-cv-00398-LJC<br><br>**REPORT AND RECOMMENDATION REGARDING CLAIMS PREVIOUSLY STRICKEN**<br><br>Re: Dkt. No. 8 |

## I.   BACKGROUND AND REFERRAL

Plaintiff David Stebbins, a YouTube video creator, has previously been declared a vexatious litigant by the Honorable Trina Thompson. *Stebbins v. Google LLC*, No. 23-cv-00322-TLT, 2023 WL 6139454, at *11 (N.D. Cal. Aug. 31, 2023). Judge Thompson's order requires that before filing "any claim of copyright infringement or copyright-related claims against any defendant, Mr. Stebbins must first provide a copy of his complaint and this Order to the Clerk of this Court, along with a letter requesting the complaint be filed," which the Clerk "shall then forward . . . to the Duty Judge for a determination whether the complaint should be accepted for filing." *Id.*

Stebbins properly requested review under that order before filing this action, which concerns copyright disputes arising as part of a feud between Stebbins and another YouTube video creator, Defendant Thiago Garcia Baz. The Honorable Casey Pitts, serving as general duty judge, allowed Stebbins's original Complaint "to proceed only as to the claims for copyright infringement," but struck Stebbins's "claims for libel and DMCA misrepresentation." ECF No. 3. The Clerk accordingly accepted the Complaint for filing and assigned the case to the undersigned magistrate judge.

Stebbins later filed an Amended Complaint (ECF No. 8) as allowed by Rule 15(a)(1) of the

Federal Rules of Civil Procedure, adding new allegations to support his copyright infringement theories and also reasserting the previously stricken claims for libel and for misrepresentation in violation of the Digital Millenium Copyright Act (DMCA). The undersigned ordered Stebbins to show cause why the latter claims should not be stricken for failure to comply with Judge Thompson's order requiring pre-filing review or dismissed under 28 U.S.C. § 1915(e)(2)(B) because they are based on constitutionally protected non-actionable statements of opinion. ECF No. 13.

In response to that Order to Show Cause, Stebbins asserts that he properly submitted these claims to the duty judge with his original Complaint, and included them in the Amended Complaint "only so [he] could preserve [his] right to appeal those strikings." ECF No. 15 at 1.[1] Regardless of that intent, however, the claims had only been stricken from the original Complaint, so reasserting them in an Amended Complaint served to inject them back into the case without seeking leave as required by Judge Thompson's order. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) ("[T]he general rule is that an amended complaint supercedes the original complaint . . . .").[2] This matter is therefore REFERRED to the Honorable Vince Chhabria, who is currently serving as the general duty judge, for the limited purpose of conducting the review that Stebbins should have sought before filing his Amended Complaint.[3]

Pending resolution of this issue, the motion hearing previously set for June 4, 2024 is VACATED. The undersigned will address Stebbins's motion for leave to serve Garcia Baz by email after it is determined which claims remain at issue in this case.

---

[1] Citations in this Order refer to page numbers as assigned by the Court's ECF filing system.
[2] *Lacey* overruled in part the case on which Stebbins relies for his view that he was required to reassert these claims to preserve a right to appeal. *Lacey*, 693 F.3d at 928 (overruling *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)); ECF No. 15 at 2–3 (citing *Forsyth*).
[3] The undersigned does not reach the question of whether Judge Thompson's vexatious litigant order allows for review of an amended complaint by the presiding judge in a given case rather than by the general duty judge. Under the circumstances of this case, where the undersigned currently lacks jurisdiction to dismiss a claim because not all parties have yet appeared and consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), review for this limited purpose by the general duty judge is both consistent with Judge Thompson's order and more efficient than reassigning the entire case to a district judge.

## II. RECOMMENDATION TO DISMISS OR STRIKE

In conducting that review, the undersigned recommends that Judge Chhabria strike or dismiss Stebbins's claims for libel and for DMCA misrepresentation for the reasons stated in the Order to Show Cause—both to give effect to Judge Pitts's previous order striking those claims from the original Complaint, and because the claims are based on protected non-actionable statements of opinion. Stebbins has also failed to allege other essential elements of these claims.

### A. Stebbins's Claims Flout Judge Pitts's Previous Order

As a starting point, Stebbins does not assert that his Amended Complaint adds meaningful factual allegations to the claims previously stricken by Judge Pitts, or even that he expects those claims to be allowed to proceed, as opposed to merely preserving grounds for an appeal. He also does not dispute that they are "copyright-related claims" within the meaning of Judge Thompson's vexatious litigant order.

District courts have broad discretion to enact and enforce orders restricting vexatious litigants' filing of future cases. *See, e.g.*, *Woodhouse v. United States Gov't*, No. 22-55636, 2023 WL 3600025, at *1 (9th Cir. May 23, 2023) (citing *In re Fillbach*, 223 F.3d 1089, 1090–91 (9th Cir. 2000)); *Subramanian v. St. Paul Fire & Marine Ins.*, 494 F. App'x 817, 821 (9th Cir. 2012). Judge Pitts properly screened Stebbins's Complaint as required by Judge Thompson's vexatious litigant order and allowed filing only as to Stebbins's copyright infringement claims. Allowing Stebbins to reassert those claims, materially unchanged, in his Amended Complaint without following the process set by Judge Thompson's order would violate that order and vitiate Judge Pitts's initial screening order. The undersigned recommends striking these claims on that basis.

### B. Stebbins's Claims Rely on a Non-Actionable Statement of Opinion

As discussed in the Order to Show Cause, and confirmed in Stebbins's response, these claims are based on Defendant Thiago Garcia Baz having allegedly stated to Google, "The one who sent the copystrike [i.e., Stebbins] seems to have erroneously assumed that it wasn't fair use simply because I used his content on my videos, but that's simply not true." ECF No. 8 at 20, ¶ 92.

Statements of opinion are protected by the First Amendment and generally cannot give rise

3

to liability for defamation or related theories. "It is a question of law for the court whether a challenged statement is reasonably susceptible of an interpretation which implies a provably false assertion of actual fact." *John Doe 2 v. Superior Court*, 1 Cal. App. 5th 1300, 1312 (2016). Although non-precedential, the California Court of Appeal's decision in *Pishgoo v. Langroudi* persuasively held that statements couched with the phrase "it seems" were not actionable. *Pishgoo*, No. B275280, 2018 WL 1477673, at *6 (Cal. Ct. App. Mar. 27, 2018) ("We find the language 'it seems,' as used here, is similar to the phrases 'my impression,' 'apparently,' and 'I think,' as used in [prior cases finding non-actionable opinion].") (unpublished and non-precedential). "Where the language is cautiously phrased in terms of apparency the statement is less likely to be reasonably understood as a statement of fact rather than opinion." *John Doe 2*, 1 Cal. App. 5th at 1314 (cleaned up).

Under the circumstances here, Garcia Baz's expression of what he thought "seem[ed]" to be Stebbins's basis for asserting copyright infringement (and rejecting a fair use defense) is not reasonably susceptible to an interpretation that implies any provably false assertion of fact. That Stebbins allegedly published an hour-long video on YouTube explaining his views on fair use, which Garcia Baz might or might not have ever seen, *see* ECF No. 8 at 20–21, ¶¶ 96–97, does not prevent Garcia Baz from drawing his own conclusions as to Stebbins's grounds for pursuing copyright enforcement efforts—whether or not Garcia Baz's conclusions were correct, or even reasonable. The undersigned therefore recommends that the Court strike or dismiss Stebbins's libel and DMCA misrepresentation claims as based on a non-actionable statement of opinion.

### C.     Other Defects

Stebbins's libel and misrepresentation claims also warrant dismissal for failure to allege other essential elements of his legal theories.

The DMCA allows a copyright owner to bring a misrepresentation claim only if the copyright owner was "injured by such misrepresentation, as a result of the service provider relying upon such misrepresentation in . . . replacing the removed material or ceasing to disable access to it." 17 U.S.C. § 512(f). There is no allegation that Google so relied on Garcia Baz's alleged statement. To the contrary, Stebbins alleges that Google "agreed not to reinstate the four videos

4

that Baz had countered." ECF No. 8 at 10 n.3.

As for libel, which is a form of defamation claim, a plaintiff pursuing such a claim under California law must show that the statement at issue "has a natural tendency to injure or causes special damage." *Kieu Hoang v. Phong Minh Tran*, 60 Cal. App. 5th 513, 531–32 (2021) (citation omitted). Stebbins's allegations here do not show any natural tendency of Garcia Baz's alleged statement to injure (instead suggesting only that Stebbins held an erroneous view of the fair use defense), and the only actual damages he alleges as a result of any defamation were apparently caused by earlier statements by other individuals, for which Stebbins seeks to hold Garcia Baz liable on an attenuated theory of vicarious liability. *See* ECF No. 8 at 23, ¶ 104–07 (analogizing Garcia Baz to a "driver of a getaway car" for previous harassment and defamation, with no allegation that Garcia Baz acted in concert with anyone who previously defamed Stebbins). The undersigned is aware of no legal support for such liability under these circumstances.

### III.    CONCLUSION

For the reasons discussed above, the undersigned REFERS this case to Judge Chhabria for the limited purpose of reviewing Stebbins's Amended Complaint as required by Judge Thompson's vexatious litigant order. The undersigned recommends that Judge Chhabria strike or dismiss Stebbins's libel and DMCA misrepresentation claims. The undersigned does not recommend dismissing or striking Stebbins's copyright infringement claims, which Judge Pitts previously allowed to proceed.

Stebbins may file objections to these recommendations no later than June 4, 2024. The hearing previously set for June 4, 2024 is VACATED.

/ / /

Dated: May 21, 2024

LISA J. CISNEROS
United States Magistrate Judge