David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601 (870) 212-4947     acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                       PLAINTIFF

VS.                                         Case 3:24-cv-00398-LJC

THIAGO CHAGAS GARCIA BAZ                                              DEFENDANTS

**OBJECTION TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Objection to the Magistrate Judge's Report & Recommendation (Dkt. 16) in the above-styled action.

1. First, I understand the Court will likely strike the libel and misrepresentation claims rather than reinstate them. As I said in my response to show-cause order, I only included them in the FAC to preserve them for appeal.

2. That said, I still object to the Magistrate Judge's *reasons* for why the libel and misrepresentation claims are meritless.

3. First, I take issue with Judge Cisneros's conclusion that I was still required to present the claims to a duty judge, even if I was filing an amended complaint in a case that had already passed the duty judge. That was never included in Judge Thompson's order. If I was supposed to read her mind and somehow just know that, then that is unconstitutional. See Connally v. General Constr. Co., 269 US 385, 391 (1926) ("A [law] which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law").

4. That said, Judge Cisneros made the bold assertion that, as long as the defendant includes such words as "seems," "think," "believe," or any other such weasel words, it automatically qualifies as a non-actionable statement of opinion, full stop, as a bright line rule, and that this applies "whether or not Garcia Baz's conclusions were correct, or even reasonable."

5. This finding is so backwards, and so disconnected from reality, that it is honestly baffling to me how any reasonable person could possibly come to this conclusion. This legal opinion is

contradicted by nearly every legal authority I have been able to find on the matter. But just as a small sliver of contradictory authority, try this: Famous lawyer-turned-YouTuber Devin "Legal Eagle" Stone once published a video on his YouTube channel called "Can Kyle Rittenhouse Sue Everyone Who Called Him a Murderer?" You can see that video at the following URL: https://www.youtube.com/watch?v=3G3Z3_Joedk

6. At multiple points in that video, he cites to well-established legal authorities that directly contradict Judge Cisneros's opinion mentioned above. First, at timestamp 2:59 – 3:27, he points out that "simply labeling a statement as your opinion doesn't make it so[1]," clearly contradicting Judge Cisneros's arbitrary finding that the mere inclusion of the word "seems" automatically makes Baz's statement a non-actionable opinion to the exclusion of all other factors.

7. Also, at timestamp 11:12 – 11:40 of the LegalEagle video above, he cites to multiple well-respected legal scholars and pundits to point out that "conclusions" can be protected from defamation liability, even if they are "incorrect," as long as they are "not unreasonable[2]," thereby clearly establishing that the objective reasonableness of a "conclusion" is a germane factor to whether or not it is defamatory. Of course, that would require that conclusions be actionable defamation if they are entirely arbitrary, based on no evidence whatsoever, and in fact outright ignore the overwhelming evidence that disproves them. Otherwise, what's the point of reasonableness being relevant?

8. Put simply, it is the thoughts being expressed which must determine whether or not a statement is an opinion or a fact, not simply whether the defendant arbitrarily included a get-out-of-jail-free word that arbitrarily labels the statement as an opinion. For example, the sentences "Dwayne Johnson is a terrible actor" and "*I think* Dwayne Johnson is a terrible actor" are both opinions, while the sentences "Jack murdered Steve in cold blood" and "*I believe* Jack murdered Steve in cold blood" are both actionable statements of cast-iron objective fact. In all four cases, it is the thought being expressed, not the speaker's inclusion of arbitrary weasel words, that makes the sentences fact versus opinion. Of course, the latter could still be defeated by arguing that the conclusion was reasonable (as described above), but it wouldn't be terminated at the

---

1 See https://www.youtube.com/clip/Ugkx3DOSn6dWa9IlNhXqO93fREUCuHJVVKDA.
2 See https://youtube.com/clip/UgkxDOb99YuL8h7rGy-19cDRQv-HSa1b3pfi.

pleading/anti-slapp stage simply due to it being a non-actionable opinion.

9. Any holding to the contrary would not only be ridiculous, but would have the effect of defining defamation out of existence in its entirety. If a person wanted to tarnish another's reputation with false accusations, all they have to do is include some weasel word that arbitrarily labels it as an opinion (something literally anyone can do with no effort or skill whatsoever), and then poof, they now have complete and absolute immunity from liability for defamation. All the harm their statements cause, all the stochastic terrorism they send the plaintiff's way, none of that matters. They wouldn't have even have to go through discovery to prove their defense; they would be automatically entitled to immediate dismissal at the pleading/anti-slapp stage, simply because "I said the word 'seems,' therefore I am immune from defamation liability."

10. In no other aspect of the law is such an interpretation of the law even remotely tenable. For example, in this employee notice that went viral ... www.tiktok.com/@attorneyryan/video/7372613609333067051 ... it is ludicrous to assume that the employer would be able to get out of paying his employees 24/7 overtime pay this attorney explains is required under these circumstances, simply because the manager arbitrarily included the word "voluntary" in the notice. If such an FLSA case were to come before this Court, and the defendants in said case were to unironically raise that defense, the Court would not only throw the book at the defendants, but would likely sanction the defense counsel under Fed.R.Civ.P. 11.

11. Alternatively, in Case 3:22-cv-04082-AGT (Stebbins v. CMDR ImperialSalt), when I was moving for default judgment, I addressed the potential defense of archival. In describing that defense and the entities eligible to even raise the defense in the first instance, I said in pertinent part ...

> "Even if we assume that the list of eligible entities could be expanded to some degree, it would be preposterous to assume that any random person on the Internet is legally empowered to repost whatever copyrighted content he wants on whatever website he wants, simply call out the word 'Archive!' like how one calls out the word 'Safe!' in a game of tag, and expect that to be legally valid. Such a prospect is ludicrous on its face."
> See Dkt. 38-8, ¶ 36.

12. The only time I can think of where this logic is even remotely tenable is the right to

remain silent in criminal proceedings. All a suspect has to do is merely utter the words "I plead the fifth," and without any additional considerations, those words have an immediate, legally-binding effect on police and prosecuting attorneys, while having no negative consequences for the suspect. However, even that only stops police from *directly questioning* the suspect. If Judge Cisneros had her way, saying those magic words would force the police to immediately cease *investigating* the suspect altogether, and would preclude the prosecution from even bringing criminal charges, regardless of whatever evidence they may or may not have to incriminate him.

13. This is not a hyperbole or exaggeration of Judge Cisneros's perspective. She literally said that including the word "seems" makes his statement an entirely non-actionable opinion "whether or not Garcia Baz's conclusions were correct, or even reasonable." Those were her *exact words*. At the very least, my interpretations of her words would pass the "reasonableness" test that I am advocating for in order to prevent them from being libel in their own right, but it wouldn't be stricken at the pleading/anti-slapp stage just on it being a non-actionable opinion.

14. Her other grounds for finding the libel and misrepresentation claims to be meritless are also incorrect, albeit not for reasons as ludicrous on their face as that. She also insists that the Defendant's statement does not imply any facts, but that is a lie. They do imply facts. Specifically, they imply my scienter when issuing the DMCA Takedown. How can you honestly not see that his accusations are implying that?

15. Lastly, Judge Cisneros claims that I failed to allege sufficient facts to prove that Baz was actively cooperating with all the others in such a way as to make him vicariously liable for the injuries that I am seeking to recover from in Case 4:23-cv-00321-DMR (Stebbins v. SidAlpha). There are multiple problems with this finding.

16. First, even in the worst case scenario, there is no reason why this deficiency cannot be cured by another Amended Complaint.

17. Second, even if that portion of the complaint must be stricken with prejudice, that would only preclude me from recovering damages for that one, specific injury. I would still be entitled to my day in court for this one act of libel, as a stand-alone act, as long as the rest of the elements of the tort were sufficiently alleged (which, for the reasons I set forth above, they are).

18.     Third, this finding is quite literally a lie. In my First Amended Complaint, I included unlisted versions of the Defendants' infringements in a YouTube playlist. I explicitly stated that this was so the Court could see with its own two eyes how delusional the Defendant's case was for fair use. One of those videos – which was originally titled "No, Acerthorn, You are NOT the Victim," but which I retitled the "Victim Video" for purposes of the First Amended Complaint – is Video #13 of the playlist I provided.

19.     This video clearly depicts Baz siding with the collection of trolls who have made my life hell for the past few years and parroting their viewpoints. That alone demonstrates the sort of collaboration and conspiracy that is necessary to tie him in with all the other injuries I've suffered.

20.     Of course, all of this is just being said for posterity's sake. Like I said at the beginning of this objection, I accept that the libel and misrepresentation claims are, for the time being, already stricken. So please, just affirm the magistrate judge's recommendation and then we can *finally* move onto service of process, which we should already be doing anyway, since it's far from a moot point anwyay.

So requeste don this, the 28th day of May, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)