UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>Plaintiff,<br><br>v.<br><br>THIAGO CHAGAS GARCIA BAZ,<br><br>Defendant. | Case No. 24-cv-00398-LJC<br><br>**ORDER DENYING SECOND MOTION FOR LEAVE TO SERVE BY EMAIL**<br><br>Re: Dkt. No. 14 |

## I. INTRODUCTION

Plaintiff David Stebbins, pro se, seeks leave to conduct service by email on Defendant Thiago Chagas Garcia Baz, who lives in Brazil. The Court has considered the arguments raised in Stebbins's Motion and finds the matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-9(b). For the reasons discussed below, email service is not permitted under the circumstances of this case. The Court therefore DENIES Plaintiff's Motion.

## II. BACKGROUND

On January 10, 2024, Stebbins filed a complaint against Garcia Baz for libel, violation of the Digital Millennium Copyright Act (DMCA), and thirteen counts of copyright infringement. Compl. (ECF No. 1). He has since filed his operative First Amended Complaint asserting the same claims and eight additional counts of copyright infringement. 1st Am. Compl. (ECF No. 8).

Stebbins was declared a vexatious litigant in a previous case, and is subject to a pre-filing review order that requires him to submit a copy of his complaint for review by the general duty judge before it is accepted for filing. *Stebbins v. Google LLC*, No. 23-cv-00322-TLT, 2023 WL 6139454 (N.D. Cal. Aug. 31, 2023). Stebbins was granted leave to proceed in forma pauperis. ECF No. 13. After review under the vexatious litigant order and 28 U.S.C. § 1915(e)(2)(B), the Court struck Stebbins's claims for libel and DMCA violation but allowed the action to proceed as

1  to the copyright claims.  *See* ECF Nos. 3, 13, 16, 19.

2       On April 10, 2024, Stebbins submitted a first motion for leave to conduct service by email.
3  ECF No. 11.  The Court denied Stebbins's first motion for email service without prejudice.  ECF
4  No. 13.

5       On May 3, 2024, Stebbins submitted a second motion for leave to conduct service by
6  email, incorporating the allegations from his first motion.  ECF No. 14.  Stebbins argues that he is
7  not required to exhaust conventional service methods under Rule 4(f) before the Court can
8  exercise its discretion to authorize email service under Rule 4(f)(3).  ECF No. 11.  He also
9  contends that Defendant has actual knowledge of the lawsuit, so service by email is appropriate
10 here.  *Id.*

11 **III.    ANALYSIS**

12     **A.    Legal Standard for Service Under Rule 4(f)**

13 This Motion is governed by Federal Rule of Civil Procedure 4(f), which states:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [and is authorized by the foreign country or specified in the rule]; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

22 Fed. R. Civ. P. 4(f).

23     **B.    The Hague Convention Does Not Allow Service by Email in Brazil**

24      When the person to be served is located in a foreign country that is a party to the Hague
25 Convention, service under Rule 4(f)(1) is generally required.  *See Facebook, Inc. v. 9 Xiu Network*
26 *(Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 986 (N.D. Cal. 2020) (discussing Advisory
27 Committee's notes on Rule 4(f)).  Stebbins argues that he does not need to attempt conventional
28 service methods because "service of process under Rule 4(f)(3) … is merely one means among

1   several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio*
2   *Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The *Rio Properties* case on which Stebbins
3   relies, however, did not discuss the use of Rule 4(f)(3) when the Hague Convention applies.
4   There, the defendant's country, Costa Rica, was not a party to the Hague Convention. In the
5   present case, Defendant resides in Brazil, which is a signatory country, so the Hague Convention
6   applies and service under Rule 4(f)(1) is required.

7   Brazil and the United States are both signatories to the Hague Convention. *01: Statute of
8   the Hague Conference on Private International Law*, Hague Conference on Private International
9   Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=29 (list of signatories,
10  last updated Mar. 2, 2022). The Hague Convention's language is mandatory "in all cases, in civil
11  or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for
12  service abroad" and both countries are signatories. *Volkswagenwerk Aktiengesellschaft v. Schlunk*,
13  486 U.S. 694, 699 (1988) (internal quotation marks omitted). The Hague Convention "specifies
14  certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it
15  applies." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017) (quoting *Schlunk*, 486 U.S. at
16  699). Service methods authorized by the Hague Convention "includ[e] (a) through a receiving
17  country's central authority, (b) by diplomatic and consular agents, through consular channels, on
18  judicial officers in the receiving country, or direct service by postal channels, unless the receiving
19  country objects, and (c) by additional methods of service that a signatory country may designate
20  within their borders either unilaterally or through side agreements." *Fellow Indus. v. Turlyn Int'l,
21  Inc.*, No. 23-cv-02270-LJC, 2023 WL 5239638, at *2 (N.D. Cal. Aug. 15, 2023) (citing *Facebook*,
22  480 F. Supp. 3d at 980). The Hague Convention requires each signatory country to establish a
23  central authority to receive requests for service and serve documents according to the internal laws
24  of the receiving state. *See Schlunk*, 486 U.S. at 698-99. Article 10 of the Hague Convention
25  prohibits a signatory country from interfering with "the freedom to send judicial documents by
26  postal channels, directly to persons abroad" (among other methods of service not at issue here)
27  unless the signatory country objects to Article 10. 20 U.S.T. 361, art. 10.

28  The Hague Convention does not affirmatively authorize or prohibit service by email.

Brazil has objected to Article 10 of the Hague Convention, prohibiting service by postal mail. *Brazil - Central Authority & practical information*, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=1113 (last updated July 22, 2022). Some courts have taken the lack of a similar affirmative objection to email service to mean that service by email is permitted when a country objects to Article 10. *See, e.g.*, *WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co., Ltd.*, No. 5:18-cv-04543-EJD, 2019 WL 8810350 (N.D. Cal. Jan. 10, 2019); *GSV Futures LLC v. Casmain L.P.*, No. 22-cv-05449-LB, 2022 WL 16856361 (N.D. Cal. Nov. 10, 2022). In this Court's view, however, a service method that is not specifically authorized by the Hague Convention is not allowed merely because a signatory country did not object to it.

Article 10 identifies methods of service which are specifically permitted unless a signatory objects. *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 415–16 (N.D. Tex. 2020). When a service method like email is not identified in the express terms of Article 10, then a signatory country would have no reason to object affirmatively to that means of service. *Id.* "To infer that the Convention's silence as to a particular method equates to an implied permission to use virtually any method of service not proscribed by the Convention contravenes [the] purpose" of the Hague Convention to specify "simple and certain methods of service." *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1396 (S.D.N.Y. 2022), *appeal dismissed sub nom. Smart Study Co. v. HAPPY PARTY-001*, No. 22-1810-cv, 2023 WL 3220461 (2d Cir. May 3, 2023).

The Hague Convention's structure suggests that methods of service not specified by the Hague Convention are prohibited unless countries consent to an alternative method of service. Articles 11 and 19 allow contracting states to make unilateral or bilateral agreements to methods of service not otherwise authorized in the Hague Convention. 20 U.S.T. 361, arts. 11, 19. As noted by a decision from the District of Massachusetts, those "provisions would hardly be necessary if the Convention generally permitted any means of service that are not explicitly authorized or prohibited by its text." *Anova Applied Elecs., Inc. v. Hong King Grp., Ltd.*, 334 F.R.D. 465, 471 (D. Mass. 2020). Absent an exception, service on a foreign defendant in a

4

country party to the Hague Convention must follow a method of service enumerated either in the Hague Convention, or in a unilateral or bilateral agreement under Articles 11 and 19. *See Facebook*, 480 F. Supp. 3d at 983 ("[U]nless an exception applies, the Hague Convention-delineated methods of service (along with the methods that countries unilaterally and bilaterally agree to under Articles 11 and 19) are exclusive."); *CRS Recovery, Inc. v. Laxton*, No. C 06-7093 CW, 2008 WL 11383537, at *1 (N.D. Cal. Jan. 8, 2008) (noting that the Hague Convention "does not permit service in a manner to which a state party has not consented").

This Court has previously denied email service in a similar case involving service on China-based defendants. *Fellow Indus.*, 2023 WL 5239638. Other cases have reached different conclusions. The court in *WeWork*, for example, relied in part on *Rio*'s discussion of Rule 4(f)(3) to approve email service on China-based defendants, even though China is a party to the Hague Convention and has objected to service through postal channels. *See WeWork*, 2019 WL 8810350, at *3 ("Under *Rio*, service pursuant to Rule 4(f)(3) is 'neither a last resort nor extraordinary relief.'" (quoting *Rio*, 284 F.3d at 1015) (internal quotation marks omitted)). Although the court acknowledged that *Rio* did not implicate alternative service when a receiving country is a signatory to the Hague Convention, *id.* at *2 n.1, it followed the "weight of authority" from other district court decisions holding that neither the Hague Convention nor an objection under Article 10 precluded service by email, *id.* at *2, without addressing the Supreme Court's admonition that the Hague Convention "pre-empts inconsistent methods of service," *see Water Splash*, 581 U.S. at 273 (quoting *Schlunk*, 486 U.S. at 699).[1]

This Court finds Judge Tse's detailed analysis of that issue in *Facebook* more persuasive than the cases like *WeWork* that have found email service permissible. The Court therefore holds once again that the Hague Convention, and thus also Rule 4(f)(3), prohibits service by email in countries that are party to the Hague Convention, at least where such countries have objected under Article 10 to service through postal channels and there is no agreement or local law

---

[1] As further support for its conclusion that email service was permissible, the *WeWork* court held that the plaintiff showed sufficient urgency to bypass the Hague Convention's methods of service. 2019 WL 8810350, at *3. That holding is addressed separately below.

5

allowing email service under Articles 11 or 19.

Here, Brazil and the United States have not bilaterally agreed to permit service by email under Article 11,[2] nor does Brazil have internal laws permitting service by email under Article 19. *See Brazil - Central Authority & practical information*, Hague Conference on Private International Law. Because Brazil is a signatory country and has not consented to email as an alternative method of service, the Court cannot order service by email without an applicable exception.

### C. Stebbins Has Not Shown That Any Exception Applies

Service by means not specified by the Hague Convention may be ordered by the court when the Defendant's physical address cannot be located, when the foreign country's Central Authority fails or refuses to execute service, or in case of urgency. *Facebook*, 480 F. Supp. 3d at 986. Stebbins has not asserted any of these exceptions, so service must be executed under the Hague Convention.

Here, Stebbins does not argue that Defendant's address is unknown, nor that Brazil's central authority has failed or refused to serve the defendant. In fact, Stebbins identified a physical address for Defendant and service has not yet been attempted. ECF Nos. 1, 11.

Stebbins also has not shown urgency necessitating court intervention. In *WeWork*, email service was permitted in part because the plaintiff would have suffered irreparable harm to its reputation and goodwill if service were delayed. *WeWork*, 2019 WL 8810350, at *3. Here, Defendant's videos have already been taken down, so there is not harm analogous to the plaintiff's ongoing irreparable harm in *WeWork*. ECF No. 11. Although Stebbins argues that service under the Hague Convention would be extremely expensive and slow (ECF No. 11 at 2), that alone is not sufficient for the Court to authorize service by email.

Stebbins argues that email service should be authorized because "Defendant already has actual knowledge that this lawsuit is pending . . . . [and a]t this point, service of process is merely a formality." ECF No. 11 at 3. In support, Stebbins cites two cases permitting email service on

---

[2] In addition to the Hague Convention, Brazil and the United States are also parties to the Inter-American Convention on Letters Rogatory and Additional Protocol (IACAP), but that convention does not authorize service by email and does not appear to offer any more straightforward method of service than the Hague Convention.

1  defendants who were already aware of pending action.  These cases are distinguishable from the
2  present case because the defendants who were to be served by email were not located in countries
3  where the Hague Convention applied.  In *United States ex rel. UXB International, Inc.*, the
4  defendants to be served by email were located in Afghanistan and Iraq.  No. 7:14-cv-00339, 2015
5  WL 4208753, at *3 (W.D. Va. July 8, 2015).  Neither country is a signatory to the Hague
6  Convention, so although the court addressed service under Rule 4(f)(3), it had no reason to
7  consider the effect of Hague Convention on that rule.  *See id.* at *1.  The other case Stebbins cites
8  did not involve a foreign defendant, so Rule 4(f) was not relevant at all.  *Miller v. Ceres Unified*
9  *Sch. Dist.*, No. 1:15-CV-0029-BAM, 2016 WL 4702754 (E.D. Cal. Sept. 7, 2016).

Because Stebbins has not shown that any recognized exception applies here, service on Defendant must be executed under the Hague Convention.

**IV.   CONCLUSION**

For the reasons above, the Court DENIES Plaintiff's Second Motion for Leave to Serve by Email.  The Court intends to discuss options for service with Stebbins at the July 18, 2024 case management conference.

**IT IS SO ORDERED.**

Dated: July 16, 2024

LISA J. CISNEROS
United States Magistrate Judge