UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>Plaintiff,<br><br>v.<br><br>THIAGO CHAGAS GARCIA BAZ,<br><br>Defendant. | Case No. 24-cv-00398-LJC<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ENTRY OF DEFAULT AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 29 |

Plaintiff David Stebbins, pro se, moves for entry of default, or in the alternative, for leave to serve Defendant Thiago Chagas Garcia Baz (who lives in Brazil) by email. ECF No. 29. Stebbins noticed his motion for January 30, 2025, to coincide with a previously scheduled case management conference, even though that date does not comply with Civil Local Rule 7-2(a)'s requirement that motions must be "noticed in writing on the motion calendar of the assigned Judge for hearing *not less than 35 days* after filing of the motion." Civ. L.R. 7-2(a) (emphasis added). In any event, the Court finds this Motion suitable for resolution without oral argument, and VACATES the hearing noticed for January 30, 2025. *See* Civ. L.R. 7-1(b).

The Court has twice previously denied Stebbins's request to complete service by email, and instead instructed him to complete service under the Hague Convention. ECF No. 13 at 3; ECF No. 20. Stebbins submitted the documents necessary for service under the Hague Convention, and the Clerk transmitted those documents to the Central Authority for Brazil on July 22, 2024. ECF No. 28.

Stebbins asserts that the Hague Convention allows courts of signatory countries to enter default judgment if service has not been completed within six months after transmission of documents to the receiving country's Central Authority. ECF No. 29 at 3. The relevant text of the

Convention, which Stebbins includes in his Motion, is as follows:

> Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –
>
> a) the document was transmitted by one of the methods provided for in this Convention,
>
> b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
>
> c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

20 U.S.T. 361, art. 15.

The Convention allows a contracting country to *declare* that judges may enter default judgment under such circumstances, and Stebbins has not addressed whether the United States has so declared, which appears to be a precondition for entry of judgment without service having been completed under that article. Even if it has, the Convention allows that judges *may* enter default judgment, after "a period of time of *not less than* six months, *considered adequate by the judge in the particular case*." *See id.* (emphasis added).

Here, Stebbins has inquired with the Brazilian Central Authority, which indicated that it usually completes service under the Hague Convention in six to eight months. ECF No. 29-2 at 3. If default is ultimately entered, the question of default judgment—and perhaps also the enforceability of any judgment in Brazil—may turn on discretionary factors, which might include whether service was actually completed or whether all reasonable efforts to do so were exhausted. Waiting for around two more months to allow for the Brazilian Central Authority's usual time to complete service is reasonable under the circumstances. Even assuming for the sake of argument that Court has discretion to enter default judgment under Article 15 six months after transmission to the Brazilian Central Authority, the Court finds that a period of only six months is not adequate to proceed to that step under the circumstances of this case.

The request for entry of default is therefore DENIED, without prejudice to Stebbins renewing that request either after service has been completed and Garcia Baz has failed to respond

within the time allowed, or no earlier than April 22, 2025 if a certificate of service has not been received from the Brazilian Central Authority by that date. Stebbins should be prepared to address in more detail whether the United States has declared the availability of default judgment under article 15.

In the alternative, Stebbins seeks leave to serve Garcia Baz via email. For the reasons discussed in this Court's previous Order, such service is not permissible as an alternative to service under the Hague Convention, and that request is DENIED. *See* ECF No. 20 Because entry of default judgment (if Garcia Baz does not appear) would be a matter of the Court's discretion, however, Stebbins may wish to serve Garcia Baz by email with the documents previously transmitted to the Central Authority and a copy of this Order, as an additional step beyond the service required by the Hague Convention, to demonstrate that all reasonable efforts have been taken to inform Garcia Baz of this lawsuit[1] and of the possibility that the Court will proceed to enter default judgment if he does not appear.

The case management conference previously set for January 30, 2025 is CONTINUED to April 24, 2025 at 1:30 PM PDT, to occur via Zoom webinar. Access instructions are available at https://cand.uscourts.gov/ljc/.

**IT IS SO ORDERED.**

Dated: January 22, 2025

LISA J. CISNEROS
United States Magistrate Judge

---

[1] Stebbins also asserts that he has contacted Garcia Baz about this lawsuit under a pseudonym, and that Garcia Baz indicated that he did not intend to appear. *See* ECF No. 29-1, ¶¶ 4–5; ECF No. 29-3. At this time, the Court does not reach any question of the validity or significance of that evidence.

3