David Stebbins (pro se Plaintiff)        123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947        acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                                    Case 3:24-cv-00398-LJC

THIAGO CHAGAS GARCIA BAZ                                DEFENDANTS

## **MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL OR IN THE ALTERNATIVE FOR RECONSIDERATION**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Leave to File Interlocutory Appeal in the above-styled action.

1.      The two issues I seek leave to do an interlocutory appeal on are (A) whether the district court has discretion to authorize service of process by email whenever the Hague Service Convention is applicable, and (B) whether Article 15(2) of the Hague Service Convention requires countries to *declare* that courts may enter default judgments under those circumstances before courts have discretion to do so.

2.      I believe the Court is in error in making these two rulings for a multitude of reasons, including but not limited to...

(a)      This would effectively give foreign defendants an absolute means of avoiding default judgment through the simple expedient of evading service of process. As long as he's conveniently not at home when the central authority appears to serve him with process, I'm screwed because I can't get a default judgment. As a result, abandoning this Court's interpretation of Art. 15(2) of the Hague Service Convention is necessary to comply with the doctrine of reductio ad absurdum;

(b)      There is no indication that any other court, or any other country, has ever interpreted Article 15(2) to mean something like this; and

(c)      As you can see from **Exhibit A** (affidavit authenticating the next exhibit) and **Exhibit**

**B** (opinion from an expert), an expert on international service of process (though not an attorney, per se) agrees that this Court is in error.

3.      I therefore ask for permission to take an interlocutory appeal on these two issues.

4.      I see no need to stay the district court proceedings while this appeal is in progress, seeing as there are hardly any proceedings at the moment to even be stayed.

5.      I was granted leave to proceed in forma pauperis in this case. I humbly ask that this status be carried over to the interlocutory appeal. As Exhibit A demonstrates, the appeal is not frivolous, not when experts in the matter agree that this Court is in error.

6.      In the alternative, the Court could reconsider its previous position, for reasons stated in ¶2(a)-2(c) above. As Exhibit B demonstrates, experts who specialize in international service of process agree that this is not what the Hague Service Convention actually means. If the Court were to choose to go this route, I will still follow the Court's wishes not to refile the motion for entry of default until April 22; the only difference will be that I will not need to show that the United States has "declared" anything pursuant to Article 15(2), since the Court would now be accepting that this is not required.

7.      But if the Court refuses to reconsider its position, then I seek leave to file an interlocutory appeal on these matters.

So requested on this, the 24th day of January, 2025.

*/s/ David Stebbins*
David Stebbins (Pro se)