UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>Plaintiff,<br><br>v.<br><br>THIAGO CHAGAS GARCIA BAZ,<br><br>Defendant. | Case No. 24-cv-00398-LJC<br><br>**ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL OR RECONSIDERATION**<br><br>Re: Dkt. No. 31 |

Plaintiff David Stebbins, pro se, moves for leave to file an interlocutory appeal or, in the alternative, for reconsideration of this Court's previous Order (ECF No. 30) denying without prejudice a request for entry of default.

Interlocutory appeals are governed by 28 U.S.C. § 1292. This case does not appear to meet any of the circumstances in which interlocutory appeal is allowed by right under § 1292(a) (although that would be a decision for the Court of Appeals), and Stebbins does has not suggested that he is entitled to an interlocutory appeal under that provision without leave of this Court. The Court understands Stebbins's motion as implicating subpart (b) of that statute, which provides that a district court can indicate that an order may be suitable for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Here, Stebbins seeks to appeal two questions: (1) whether the Court has discretion to authorize service by email even when the Hague Convention governs service of process on a foreign defendant; and (2) whether a signatory country to the Hague Convention must declare that default judgment is available under Article 15(2) of the Convention before a judge may enter default judgment as a result of a foreign country's failure to certify service within six months of a

1   request. Assuming (for the sake of argument) that there is a "substantial ground for difference of
2   opinion" as to both of those questions, the Court nevertheless declines to certify its previous
3   Orders for interlocutory appeal, because an appeal would not "materially advance the ultimate
4   termination of the litigation." *See* 28 U.S.C. § 1292(b).

5       Stebbins seeks a ruling that this Court has *discretion* either to authorize service by email or
6   to enter default judgment. ECF No. 31 at 1. Even if the Court had discretion to do either of those
7   things, it would not exercise such discretion when the process for service under the Hague
8   Convention is already underway and can reasonably be expected to be completed in the near
9   future. The Clerk of this Court provided summons and related material for service to the Brazilian
10  Central Authority on July 22, 2024, ECF No. 28, and the Brazilian Central Authority has indicated
11  that service would typically be completed within approximately six to eight months from that,
12  date—i.e., around two months from now, ECF No. 29-2. The Court would not be inclined at this
13  time to enter default or default judgment, or to authorize service by email as an alternative to
14  Hague Convention service, without allowing additional time for service under the Hague
15  Convention to be completed. *See* ECF No. 30 at 2. The determination that Stebbins seeks from
16  the Court of Appeals would therefore have no practical effect on this litigation, and his request to
17  certify an interlocutory appeal is DENIED.

18      Stebbins also has not met the standard for a motion for reconsideration under Civil Local
19  Rule 7-9, nor has he provided sufficient substantive grounds for the Court to reconsider its
20  previous rulings. The motion for reconsideration is therefore also DENIED.

21      The Court's previous denial of Stebbins's request for entry of default was specifically
22  "without prejudice to Stebbins renewing that request either after service has been completed and
23  [Defendant] Garcia Baz has failed to respond within the time allowed, or no earlier than April 22,
24  2025 if a certificate of service has not been received from the Brazilian Central Authority by that
25  date." ECF No. 30 at 2–3. The Court noted that "Stebbins should be prepared to address in more
26  detail whether the United States has declared the availability of default judgment under article 15."
27  *Id.* at 3. The Court now clarifies that if no certificate of service has been received by April 22,
28  Stebbins also remains free to argue that a declaration by the United States is not required, but he

United States District Court
Northern District of California

1  should be prepared to support that position with legal authority, not merely an email stating the
2  opinion of a process server.  *Cf.* ECF No. 31-2.
3  **IT IS SO ORDERED.**
4  Dated: January 24, 2025

LISA J. CISNEROS
United States Magistrate Judge