UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>   Plaintiff,<br><br>v.<br><br>THIAGO CHAGAS GARCIA BAZ,<br><br>   Defendant. | Case No. 24-cv-00398-LJC<br><br>**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT**<br><br>Re: Dkt. No. 33 |

Plaintiff David Stebbins, pro se, seeks entry of Defendant Thiago Chagas Garcia Baz's default pursuant to the second paragraph of Article 15 of the Hague Convention on Service Abroad. That paragraph reads as follows:

> Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –
>
> a) the document was transmitted by one of the methods provided for in this Convention,
>
> b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
>
> c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

20 U.S.T. 361, art. 15.

The Court previously denied Stebbins's first request for entry of default without prejudice, primarily on the basis that the Brazilian central authority's usual time of six to eight months to complete service under the Hague Convention had not yet elapsed, and the Court deemed that usual timeframe "adequate . . . in the particular case." ECF No. 30 at 2. That time has now passed, without receipt of a "certificate of any kind" evincing service or delivery. As of April 17,

2025—approximately nine months after the Clerk transmitted documents for service to the Brazilian Ministry of Justice on July 22, 2024, *see* ECF No. 28—a Ministry of Justice representative informed Stebbins that the "rogatory letter [was] still underway at the Superior Court of Justice." ECF No. 33-2.

The Court also previously noted that Stebbins's first request for entry of default failed to address whether the United States had "declared" default judgment to be available under Article 15, as required by the terms of the Convention. ECF No. 30 at 2. Stebbins argues that such a declaration is not required, or alternatively, that the Court can "declare" the availability of default judgment by authorizing entry of default. ECF No. 33 at 2–7. Those arguments are not persuasive. The Court's own research,[1] however, indicates that the United States *has* issued such a declaration:

> In accordance with the second paragraph of Article 15, it is declared that the judge may, notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no certificate of service or delivery has been received, if all the conditions specified in subdivisions (a), (b) and (c) of the second paragraph of Article 15 are fulfilled.

*Media Trademark & Licensing Ltd. v. COINGEEKLTD.COM*, No. CV-21-00214-PHX-DWL, 2021 WL 2895289, at *6 (D. Ariz. July 9, 2021) (quoting https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=428&disp=resdn [https://perma.cc/6TU9-QDQD]).

Each of the specified conditions is satisfied here. First, the documents were transmitted by a method provided for in the Convention when the Clerk transmitted those documents to the Brazilian central authority (the Ministry of Justice) in accordance with Article 3. There is no indication that the Brazilian central authority objected to the form or content of those documents pursuant to Article 4. Second, the nine months that have now elapsed since the Clerk transmitted documents to the Brazilian central authority exceed both the six-month minimum required by subdivision (b) and the six to eight months that the Ministry of Justice typically requires to fulfill a

---

[1] The Court did not research this issue previously because the previous Order relied primarily on the conclusion that an appropriate amount of time had not yet elapsed.

request for international cooperation. *See* ECF No. 29-2 at 3. The Court finds that time to be "adequate" to expect service would be completed, and that additional delay in proceeding with the case would be contrary to the interests of justice. And third, no certificate of service or delivery has yet been received, despite Stebbins's reasonable efforts to follow up with the Ministry of Justice. The Court notes that Stebbins has also provided the same documents sought to be served under the Hague Convention to Garcia Baz by email (ECF No. 33, ¶ 5; ECF No. 33-3), and has offered other evidence that tends to suggest Garcia Baz is aware of this action (*e.g.*, ECF No. 29, ¶ 8; ECF No. 29-3 at 6).

Accordingly, the Clerk is instructed to enter Garcia Baz's default. To provide an additional opportunity for Garcia Baz to appear, Stebbins is instructed to serve copies of the entry of default (once issued) and of this Order on Garcia Baz by both email and postal mail, and to file proof of service once he has done so. Stebbins may file a motion for default judgment in accordance with Rule 55(b) of the Federal Rules of Civil Procedure and Civil Local Rules 7-1 and 7-2 no earlier than twenty-eight days after he serves those documents. Garcia Baz is advised that default judgment may be entered against him if he fails to appear.

The case management conference previously set for April 24, 2025 is CONTINUED to July 24, 2025 at 1:30 PM, to occur via Zoom webinar videoconference. Stebbins (and Garcia Baz, if he appears before then) shall file an updated case management statement no later than July 17, 2025. The Court may vacate the case management conference and statement deadline if Stebbins files a motion for default judgment before that date.

**IT IS SO ORDERED.**

Dated: April 23, 2025

LISA J. CISNEROS
United States Magistrate Judge