UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>Plaintiff,<br><br>v.<br><br>THIAGO CHAGAS GARCIA BAZ,<br><br>Defendant. | Case No. 24-cv-00398-LJC<br><br>**ORDER REGARDING EVIDENCE IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 37 |

Plaintiff David Stebbins brings this action based on Defendant Thiago Chagas Garcia Baz's reproduction of Stebbins's YouTube videos within videos that Garcia Baz uploaded to YouTube. Stebbins has described the contents of his own and Garcia Baz's videos in his Amended Complaint and in various other filings, and has provided links to videos on YouTube, but has not filed the videos in the record of the case. Stebbins asserts that he was able to back up copies of all but one of the allegedly infringing videos. Am. Compl. (ECF No. 8) ¶ 46.

Courts evaluating a motion for default judgment take the factual allegations of a plaintiff's complaint as true *except as to damages*, which must be shown by evidence. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Stebbins here seeks statutory damages, which may require an exercise of the Court's discretion, informed by the nature of the alleged infringement. The purportedly infringing videos are key to Stebbins's claims, and thus are likely to be important evidence.

Under the doctrine generally known as the "best evidence rule," and codified in Article X of the Federal Rules of Evidence, a party seeking to prove the "content" of "writing, recording, or photograph" generally must offer the actual writing, recording, or photograph—or a copy of it—in evidence rather than merely describing it, unless the original is unavailable or certain other exceptions apply. *See generally* Fed. R. Evid. 1002, 1003, 1004. Copyright claims are a paradigmatic example of circumstances where "content" is at issue and this rule applies. Fed. R.

Evid. 1002, notes of advisory committee on proposed rules. Courts have applied the best evidence rule to YouTube videos.[1] *See, e.g.*, *Carey v. Kirk*, No. 21-20408-CIV, 2022 WL 4597806, at *3 (S.D. Fla. Sept. 7, 2022), *aff'd*, No. 23-10308, 2024 WL 3200475 (11th Cir. June 27, 2024).

The Court will therefore require Stebbins to file copies of any videos at issue that purportedly infringe his copyright, to the extent such copies are available. Stebbins may also wish to file copies of his own videos that Garcia Baz allegedly infringed. YouTube links, which at least in theory could be removed or altered during the pendency of these proceedings or any appeal, are not a substitute for filing the videos in the record.

The Clerk shall provide Stebbins with instructions via email to submit electronic exhibits. Stebbins shall follow those instructions to file the videos at issue no later than July 16, 2025, and shall file a declaration by the same date stating which videos he has filed and which if any videos are unavailable.

The hearing previously set for July 10, 2025 is CONTINUED to August 21, 2025 at 1:30 PM via Zoom webinar videoconference. The case management conference previously set for July 24, 2025 is CONTINUED to September 18, 2025 at 1:30 PM via Zoom webinar videoconference. No case management statement is required at this time.

**IT IS SO ORDERED.**

Dated: July 2, 2025

LISA J. CISNEROS
United States Magistrate Judge

---

[1] In this Court's view, the videos at issue are probably best considered a form of "recording," although some decisions and earlier versions of the Rules of Evidence have characterized videos and "motion pictures" as a type of "photograph." *E.g.*, *United States v. Levine*, 546 F.2d 658, 668 (5th Cir. 1977), *overruled on other grounds by United States v. Lane*, 474 U.S. 438, 442 (1986). Either way, the best evidence rule applies.

2