David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                      acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                          Case 3:24-cv-00398-LJC

THIAGO CHAGAS GARCIA BAZ                                     DEFENDANTS

### EMERGENCY MOTION TO SEAL TOTALITY OF ELECTRONIC EXHIBITS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Seal the Totality of the Electronic Exhibits.

1. This motion is being filed using the "emergency" tag because I only have until July 16 to comply with the Court's order. So immediately resolution of this motion is necessary to prevent irreparable harm.

2. The Court previously allowed me to file under seal the ten copyrighted songs, on the grounds that they were normally gated behind a paywall. See Dkt. 41. However, things the Court said in that order made me realize that, in fact, the entirety of the electronic exhibits should be sealed. This is because, if they are not sealed, people can still see my non-paywalled videos without giving me any benefit.

3. Remember that I originally posted these videos *to YouTube*. This means that, whenever people watch my videos, as long as they go to their respective watch pages to do so, I get "views" and "watch time," which, through a complex algorithm, ultimately convert into "ad revenue." This is how I and all other YouTubers make money off the site. However, in order for me to make any ad revenue, the views have to occur on YouTube. Any off-site views provide no benefit to me.

4. And yet, if the electronic exhibits are not filed under seal, that is precisely what I would be enabling to other viewers. They could simply download the videos off Pacer and watch them that way.

5. Sure, they technically can do that now, using browser-addons, but at least that is illegal

copyright infringement, just like how it's illegal to go to www.thepiratebay.org and download entire movies or video games without paying for them. But if full copies of my videos were public record in this case, it would be perfectly legal, and of my own doing, for the public to download these videos for offline viewing, as long as they go through the Court's public record to do it. Furthermore, it would be permanent; I would never be able to undo it.

6.  Previously, my evidence was provided via YouTube links. This mitigated the problem for two reasons: First, I am still getting the views and watch time from these uploads, and second, as the Court itself acknowledges, I can simply delete the underlying videos once the case is over and done with. However, now that the Court is requiring me to upload the videos as electronic exhibits that the Court itself would have control over, those two mitigating factors are lost.

7.  This is why I previously only asked for the songs to be filed under seal: As I alluded to in ¶ 29 of the First Amended Complaint, I had been preparing to file the songs under seal since the outset of the case. So when I filed the Motion to Seal as Dkt. 40, I wasn't thinking about the other electronic exhibits because I had forgotten that I no longer had them covered. I sincerely apologize for putting this before the Court twice; it wasn't my intention.

8.  To remedy this, and protect the very rights this case is designed to protect, I ask that the Court change its Dkt. 41 order to authorize the entirety of the electronic exhibits to be filed under seal. Furthermore, I should no longer be required to state the filenames of the exhibits that are to be filed under seal, since the answer to that is "all of them."

9.  The same should also apply to my uploads of the defendants' infringements, as well as the "clips" I created to help the Court better understand the abysmal ratio of copying to commentary. After all, one of my biggest arguments for why these videos do not qualify as fair use is because Baz "copies 100% of" the videos, "literally every single last second of" them, and that "[t]his constitutes a market substitute, per se." See Dkt. 8. If his infringing videos were public record, that undermines the whole point of sealing the original videos, and even the whole point of filing this lawsuit in the first place: to enjoin[1] the infringing videos' circulation.

---

1 Bear in mind that the Court only wants these exhibits uploaded so it can calculate the statutory damages, but concedes that everything is taken as admitted to thanks to the default. See Dkt. 39, Page 1, Lines 17-22. Therefore, my right to injunctive relief should be uncontested.

10.   Wherefore, premises considered, I respectfully pray that Dkt. 41 be modified so that all electronic exhibits will be filed under seal.

So requested on this, the 5th day of July, 2025.

<i><u>/s/ David Stebbins</u></i><br>
David Stebbins (Pro se)